IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JAMESEN JHON CAMERON,<br><br>    Plaintiff,<br><br>v.<br><br>KAREN ANDERSON AND JANA HACKER,<br><br>    Defendant. | No. 14-CV-3010-DEO<br><br>INITIAL REVIEW ORDER |

## I. INTRODUCTION

This matter is before the Court on Jamesen Jhon Cameron's (hereinafter Mr. Cameron) 42 U.S.C. § 1983 Complaint against Karen Anderson and Jana Hacker, filed February 11, 2014. Docket No. 1. In his Complaint, Mr. Cameron alleges that he has received ineffective medical care for his feet while at the Fort Dodge Correctional Facility. On February 19, 2014, the Court entered an Initial Review Order (IRO) stating that Mr. Cameron had failed to pay the filing fee or file a Motion to Proceed in Forma Pauperis. Docket No. 2. The Court gave Mr. Cameron 45 days to either pay the fee or file a Motion to Proceed in Forma Pauperis. On March 6, 2014, Mr. Cameron filed a Motion to Proceed in Forma Pauperis along with a Motion to Appoint Counsel. Docket Nos. 3 and 4.

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 action is $350.00. 28 U.S.C. § 1914(a). In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other court costs. In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[1] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1).[2] Prisoners must also meet an additional requirement: they must submit a certified copy of their prisoner trust fund account statement for a 6-month period prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2).

Mr. Cameron's Motion to Proceed in Forma Pauperis substantially complies with the requirements laid out above.

---

[1] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

[2] Entitled to redress means that the plaintiff is entitled to relief or is entitled to a judgement in his or her favor.

**Therefore, Plaintiff's Pro Se Motion for Leave to Proceed in Forma Pauperis is granted and the filed Complaint is allowed to proceed without collection of a filing fee. The Clerk of Court shall deliver a copy of this Order and copies of the Local Rules to Fort Dodge Correctional Facility care of the Plaintiff. The Clerk of Court shall also deliver, by certified mail, copies of this Order and attached waiver of service of summons, along with copies of the Complaint (Docket No. 1) to each of the named Defendants, and to the Iowa Attorney General.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a Plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

### III. 42 U.S.C. § 1983 INITIAL REVIEW STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than

3

formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not require that a court must entertain any complaint no matter how implausible. The facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

**IV. ISSUE**

In his Complaint, Mr. Cameron alleges he has received deficient medical treatment.

**V. ANALYSIS**

In his Complaint, Docket No. 1, Mr. Cameron alleges that the above named Defendants have completely ignored his reports that he is suffering from severe pain in his feet. As the Courts have repeatedly stated:

> [t]he Eighth Amendment prohibits the infliction of cruel and unusual punishment. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). This requires a

> two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it. Id.; see also Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). A medical need that would be obvious to a layperson makes verifying medical evidence unnecessary. Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir. 2004).

Schaub v. VonWald, 638 F.3d 905, 914 (8th Cir. 2011).

Mr. Cameron's pro se Complaint amounts to an allegation that the Defendants have been deliberately indifferent. Accepting Mr. Cameron's allegations as true, it is clear he has alleged a violation that may be actionable under 42 U.S.C. § 1983. His claim will be allowed to proceed past the initial review stage.

## VI. MOTION TO APPOINT COUNSEL

Mr. Cameron also filed an application to have counsel appointed. Docket No. 4. Under 28 U.S.C. §1915(e)(1) "[t]he court may request an attorney to represent any person unable to afford counsel." As discussed above, the Court is granting Mr. Cameron's application to proceed in forma pauperis. It is

6

clear that he does not have the funds to afford counsel. **Accordingly, the Court hereby appoints attorney Hannah Vellinga under Library Fund Administrative Order No. 13-AO-0009**. After consulting with the Plaintiff regarding the nature of the alleged claim, **appointed counsel will file an Amended Complaint specifically setting out the Plaintiff's legally viable claims within 45 days**.

**VII. CONCLUSION**

Plaintiff's pro se Motion for Leave to Proceed In Forma Pauperis, Docket No. 4, is **granted**. Plaintiff's pro se Complaint shall proceed as filed past the initial review stage without the collection of a filing fee. Additionally, the Plaintiff's pro se Motion to Appoint Counsel is **granted**. **Appointed counsel will have 45 days to file an Amended Complaint**.

**IT IS SO ORDERED** this 24th day of March, 2014.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

NOTICE OF LAWSUIT
and REQUEST FOR
WAIVER OF SERVICE OF SUMMONS

TO THE NAMED DEFENDANT(S) IN THE FOLLOWING CAPTIONED ACTION:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| **JAMESEN JHON CAMERON**, | | |
| Plaintiff, | | No. 14-CV-3010-DEO |
| v. | | |
| **KAREN ANDERSON and JANA HACKER** | | |
| Defendants. | | |

_____

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint and a copy of the corresponding order from this Court are attached. This complaint has been filed in the United States District Court for the Northern District of Iowa.

    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, you have an obligation to cooperate in saving unnecessary costs of service of summons and complaint. Please sign the enclosed document where appropriate acknowledging receipt of the complaint and notice of this pending lawsuit and waiving formal service of summons. After signing the enclosed document, please return it to the United States Clerk's Office in the envelope provided within thirty (30) days of this date: _3/24/14_.

    I affirm that this notice and request for waiver of service of summons is being sent to you on behalf of the plaintiff, this _March 24_, 2014.

                                                     /s/ djs, Deputy Clerk
                                                Signature (Clerk's Office Official)
                                                      Northern District of Iowa

# ACKNOWLEDGMENT OF RECEIPT OF
# NOTICE OF LAWSUIT,
# and WAIVER OF SERVICE OF SUMMONS

(**Return **this** document within thirty days after \_\_\_\_\_3/24/14\_\_\_\_\_, to the United States Clerk's Office in the envelope provided.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| **JAMESON JHON CAMERON,** | |
| Plaintiff, | No. 14-CV-3010-DEO |
| v. | |
| **KAREN ANDERSON and JANA HACKER,** | |
| Defendants. | |

_____

I acknowledge receipt of the complaint and notice of the lawsuit in which I (or the entity on whose behalf I am addressed) have been named a defendant. I have received and/or read the complaint accompanying this document.

I agree to save the cost of service of a summons and an additional copy of the complaint by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure. I hereby waive service of summons.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the service of summons. I understand that a judgment may be entered against me (or the entity on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served within 60 days after \_\_\_\_\_3/24/14\_\_\_\_\_, (the date Notice, Waiver and corresponding documents were sent or from the date of the filing of the Amended Complaint, whichever is later) .

Date _____     Signature _____
                         Printed name _____
                         As _____ of _____
                              (Title)            (Entity)

**Address Form**

Case Number: 14-CV-3010-DEO          Date: ___3/24/14___

To:  Clerk of Court
RE:  Service on Named Defendants

        Below, please find the known (or likely) addresses for the following persons/entities who have been named as defendants to this action:

Defendant:   **KAREN ANDERSON**
**JANA HACKER**
**C/O FORT DODGE CORRECTIONAL FACILITY**
**1550 L STREET**
**FORT DODGE, IOWA 50501**

**ATTORNEY GENERAL FOR THE STATE OF IOWA**
**HOOVER STATE OFFICE BUILDING**
**1305 E. WALNUT STREET**
**DES MOINES, IOWA 50319**